FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 07 2024

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

# COMPLAINT

| | |
|---|---|
| Gary Mitchell | CASE NO. |
| Plaintiff, | |
| v. | Complaint for a civil case |
| Experian Information Solutions Inc | Jury Trial: ☒ Yes  ☐ No |
| Trans Union LLC | |

## 1:24-CV- 3506

## Introduction

1. This is a civil action for actual, statutory damages and cost brought by Gary Mitchell

("Plaintiff") an individual consumer, against defendants, Experian Information Solutions Inc

("Experian") and Trans Union LLC (Transunion) for violations of the Fair Credit Reporting Act,

15 U.S.C § 1681 et seq. (hereinafter "FCRA").

## Jurisdiction

2. Jurisdiction of this court arises under 15 U.S.C § 1681(P), 15 U.S.C § 1692 K(d) and

28 U.S.C § 1391 B(2) because a substantial part of the events, omissions, or conduct giving rise

to plaintiff claim occurred in this judicial district. Defendant ("Experian") and (Transunion)

transact business in Atlanta, Fulton County, Georgia.

1

2

3. The court has supplemental jurisdiction of any state law pursuant to 28 U.S.C § 1367.

3

**Parties**

4

4. Plaintiff, Gary Mitchell is a natural person and consumer as defined by 15 U.S.C §

5

1681 a(c), residing in Gwinnett County, Georgia.

6

5. Upon information and belief, Defendant, Experian Information Services Inc (Experian)

7

is a "Consumer Reporting Agency" with a principal address at 475 Anton Blvd, Costa Mesa, CA,

8

92626, USA

9

6. Experian has a registered agent by the name of CT Corporation with an address at 289

10

S Culver St, Lawrenceville, GA, 30046-4805, USA

11

7. Upon information and belief, Defendant, Transunion LLC (Transunion) is a

"Consumer Reporting Agency" with a principal address at 555 West Adams Street, Chicago, IL,

12

60661-3719, USA. Trans Union has a registered agent by the name of Corporation Service

13

Company whose physical address is 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092,

14

USA.

15

8. Upon information and belief, Experian and Transunion are "consumer reporting

16

agency", as defined in 15 U.S.C. § 168la(f). Upon information and belief, Experian and

17

Transunion are regularly engaged in the business of assembling, evaluating, 'and disbursing

information concerning consumers for the purpose of furnishing consumer reports, as defined in

18

15 U.S.C. §168la(d) to third parties.

19

9. Upon information and belief, Experian and Transunion disburses such consumer

20

reports to third parties under contract for monetary compensation, furnishing consumer reports,

21

as defined in 15 U.S.C. § 1681 a(d) to third parties.

1

2

3

4

10. The acts as described in this complaint were performed by defendants or on defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "defendant" or their owners, agents, and/or employees.

## Introduction

5

6

7

8

11. According to 15 USC §1681a of the Fair Credit Reporting Act (FCRA), The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

9

10

11

12

13

14

15

16

12. According to 15 USC §1681i(a)(1)(A) Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

17

18

13. According to 15 USC §1681e(a) of the FCRA every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 1681c of this title and to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title.

19

20

14. Furthermore section 15 USC§ 1681e(b) of the FCRA goes on to state that whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to

21

assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15. Defendant is subject to civil liability under 15 USC § 1681n for the willful noncompliance and 15 USC § 1681o for negligent noncompliance under the Fair Credit Reporting Act.

## Factual Allegations

16. On or about April 2024, plaintiff reviewed his Experian and Transunion consumer report.

17. In the report the Plaintiff observed multiple accounts including Amex, BMW and a collection that was reporting inaccurate and incomplete information on his Experian and Transunion consumer report.

18. Defendant sent a dispute letter on or around April 19th 2024 disputing the completeness and accuracy of the inaccurate accounts stated above to TransUnion and Experian. (See Exhibit One)

19. According to 15 USC§ 1681i(a)(1) of the FCRA , if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

1

2

3

20. On or around May 2024, Experian sent back the results of the dispute and the accounts were "Updated" and "Verified as Accurate" however Transunion continued to report the account inaccurately on the Plaintiff's consumer report. (See Exhibit B)

4

5

21. On or around May 2024, Experian sent back the results of the dispute and the accounts were "Updated" and "Verified as Accurate" however, Experian continued to report the account inaccurately on the Plaintiff's consumer report. (See Exhibit C).

6

7

8

9

10

11

12

13

14

15

16

17

22. In the Plaintiff's dispute letter to the defendant Experian, the Plaintiff pointed out multiple clear inaccurate and incomplete information that the defendant was reporting. The defendant in turn sent back the dispute results verifying the account as accurate yet failing to update any of the incomplete and inaccurate information that the Plaintiff clearly pointed out. Looking at the accounts, you can clearly see the inaccuracies that the defendant is reporting. On each American Express account, the balance is incomplete, the original balance is incomplete, the payment history is inaccurate, the status is inaccurate and reporting as no status, the monthly payment is incomplete, and the comments are inaccurate. The payment history on the BMW Financial account is inaccurate, the balance history is inaccurate, the recent payment is incomplete, and the original balance is incomplete. The payment history on the Medical Data systems is inaccurate, the balance is inaccurate, the date account will be removed is inaccurate.

18

19

20

21

23. In the Plaintiff's dispute letter to the Defendant Transunion, the Plaintiff pointed out multiple clear inaccurate and incomplete information that the Defendant was reporting. The Defendant in return sent back the dispute results verifying the account as accurate yet failing to update any of the incomplete and inaccurate information that the Plaintiff clearly pointed out. Looking at the accounts, you can clearly see the

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

inaccuracies that the Defendant is reporting. The payment history for each account is inaccurate and incomplete, the payment received for both accounts are inaccurate and incomplete, the credit limit for each Amex account is inaccurate, the terms on every account is inaccurate, and Transunion is reporting the balance on the BMW account as zero which is inaccurate as it should be $701.

24. Experian and Transunion had actual knowledge of these inaccuracies from the Plaintiff's dispute letter and deliberately chose to ignore and permit the reporting of the inaccurate accounts.

25. Transunion and Experian's reinvestigation results were not proper and as a result they continued reporting information that is materially misleading and thus, inaccurate. See *Shaw v. Experian Information Solutions, Inc.,* concluded that an item of information on a consumer's credit report is "inaccurate" if it either is patently incorrect" or is "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." 891 F.3d, 749, 756 (9th Cir. 2018)

26. Transunion and Experian verified the disputed information without account-level documentation which is a violation of the FCRA.

27. As the FCRA does not define "verify" or "investigation," we must look to the ordinary meaning of those terms. *See United States v. Santos*, 553 U.S. 507, 511, 128 S.Ct. 2020, 2024 (2008)) ("When a term is undefined, we give it its ordinary meaning."); *United States v. Lopez*, 590 F.3d 1238, 1248 (11th Cir. 2009) ("To ascertain the ordinary meaning, courts often turn to dictionary definitions for guidance.").

28. The ordinary meaning of "verification" is: (1) "evidence that establishes or confirms the accuracy or truth of something"; (2) "the process of research, examination, etc.,

COMPLAINT FOR A CIVIL CASE - 6

1

2

3

4

5

6

7

8

9

10

11

required to prove or establish authenticity or validity"; (3) "a formal assertion of the truth of something, as by oath or affidavit"; and (4) "a short confirmatory affidavit at the end of a pleading or petition." *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 782-83 (6th Cir. 2014) (quoting *Random House Unabridged Dictionary* 2113 (2d ed.1993). "Verify" has a similar meaning in the legal context. *See Black's Law Dictionary*1793 (10th ed. 2014) ("**verify** vb. (14c) **1.** To prove to be true; to confirm or establish the truth or truthfulness of; to authenticate. **2.** To confirm or substantiate by oath or affidavit; to swear to the truth of."). Finally, the term "investigation" is defined as "[a] detailed inquiry or systematic examination" or "a searching inquiry." *Johnson*, 357 F.3d at 430 (quoting *Am. Heritage Dictionary* 920 (4th ed. 2000); *Webster's Third New Int'l Dictionary* 1189 (1981)).

12

13

29. Experian and Transunion prepared and published to third party's multiple inaccurate consumer reports about the plaintiff that contained the inaccurate accounts despite multiple disputes.

14

15

16

30. Experian and Transunion received the plaintiff's disputes, but in each case wholly and entirely failed to conduct the reinvestigations required by law. Instead, they merely "parroted" the information dictated to it by the furnishers.

17

18

31. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and reporting this account inaccurately has caused a lower credit score to be generated.

19

32. The defendants failed to conduct a reasonable investigation and reinvestigation.

20

21

33. The defendants failed to review and consider all relevant information submitted by Plaintiff.

34. Experian and Transunion failed to conduct an independent investigation and, instead, deferred to despite the evidence and/or information Plaintiff provided to them.

35. Experian and Transunion possessed evidence that the information was inaccurate as described by Plaintiff in the Disputes; however, Experian and Transunion failed to correct the information.

36. Experian's and Transunion's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate, is evidence of both defendants' failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

37. The defendants did not conduct any independent investigation after they (Experian) and (TransUnion) received Plaintiff's dispute and, instead, chose to parrot the information they received from the furnishers despite being in possession of evidence that the information was clearly inaccurate.

38. Without any explanation or reason, the defendants continued to report these false, inaccurate, or otherwise incomplete information, about Plaintiff.

39. On at least one occasion within the past year, by example only and without limitation, Experian and TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

40. Experian and Transunion failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report.

41. Experian's and Transunion's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

42. The defendants have willfully and recklessly failed to comply with the FCRA. The failures of Experian and Transunion to comply with the FCRA include, but are not limited to, the following:

[a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

[b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

[c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

[d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate;

[e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

[f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information;

[g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian and Transunion to delete; and

[h] the failure to take adequate steps to verify information Experian and Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

43. Due to this negligent reporting by Experian and Transunion on the Plaintiff's consumer report, the consumer has suffered numerous damages including but not limited to statutory damages, actual damages including loss of credit, credit denials, higher interest rates, loss of time due to dealing with the violations from the defendants, anxiety, humiliation, damage to character, mental distress, and emotional distress.

44. Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived plaintiff of their rights was directed by Defendant to Plaintiff specifically.

45. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered from a lower credit score, credit denials, and opportunities to benefit from his credit as a result of the Defendant failing to correctly modify or delete this inaccurate reporting accounts as required by law.

46. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff suffered emotional distress due to the violation of his rights, having his inaccurate consumer report being reported to multiple third parties, losing the benefit of being able to benefit from his credit, being denied for credit and having to pay higher interest rates due to the inaccurate reporting by the Defendant.

47. The conduct, action and inaction of Experian and Transunion was willful, thereby rendering Experian and Transunion each liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

48. Plaintiff is entitled to recover reasonable costs and attorney's fees from each defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

49. The appearance of the accounts on Plaintiff's credit report, namely, the accounts identified by Plaintiff in Plaintiff's dispute to Experian and Transunion, was the direct and proximate result of each defendant's willful failure to maintain reasonable procedures to assure

1 the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. §

2 1681e(b).

### Count 1 Violation of the Fair Credit Reporting Act

### 15 U.S.C § 1681e(b) (Experian)(Transunion)

50.     Mr. Mitchell realleges and incorporates all other factual allegations set forth in
this complaint.

51.     Experian and Transunion violated 15 U.S.C §1681e(b) by failing to establish or
follow reasonable procedures to assure maximum possible accuracy in the preparation of
the Plaintiff's credit reports and credit file it published and maintained after the date
Plaintiff put the agencies on notice of the suspect and disputed inaccuracies.

52. Maximum possible accuracy means making sure you are reporting every detail on a
consumer report with 100% accuracy and completeness. Defendant Experian and
Transunion clearly failed to follow reasonable procedures to assure maximum accuracy
as the Plaintiff clearly disputed very specifically each detail that was inaccurate and
incomplete to the Defendant, yet in despite of the Plaintiffs dispute, each defendant
verified each account and continued to report the information the Plaintiff disputed
inaccurately and incompletely.

53.     As a result of Experian's and Transunion's violations of 15 U.S.C 1681e(b), Mr.
Mitchell suffered actual damages, including but not limited to: loss of credit, denial of
credit, loss of ability to purchase or benefit from credit, loss of time due to learning how
to defend against the Defendant's violation of his rights, emotional distress, anxiety,
damage to reputation, and other mental and physical distress.

54.     The violations by each defendant were willful rendering the Defendant liable for
punitive damages in an amount to be determined by the court pursuant to 15 U.S.C

1  1681n. In the alternative, each defendant was negligent, which entitles Mr. Mitchell to

2  recovery under 15 U.S.C 1681o.

3  55. Mr. Mitchell is entitled to recover actual damages, statutory damages, cost and

4  attorney's fees from Experian in an amount to be determined by the court pursuant to 15

   U.S.C 1681n and 1681o.

5
                    **Count II Violation of the Fair Credit Reporting Act**

6
                      **15 U.S.C § 1681i(a)(1)(A) (Experian)(Transunion)**

7  **56.** Mr. Mitchell realleges and incorporates all other factual allegations set forth in this

8      complaint.

9  **57.** Experian and Transunion violated 15 U.S.C§ 1681i(a)(1)(A) on multiple occasions by

       failing to conduct a reasonable investigation to determine whether the disputed
10
       information was inaccurate and record the current status of the disputed information
11
       or delete the item from Mr. Mitchell's credit file.

12  **58.** Each defendant  violated 15 U.S.C§ 1681i(a)(1)(A) because the Plaintiff disputed

13      each inaccurate and incomplete item being reported on his consumer report, yet the

14      Defendant received the Plaintiff's dispute and failed to update or delete any of the

15      clearly inaccurate items that the Plaintiff pointed out in his dispute which clearly

16      shows they did not do a proper investigation and is a violation of 15 U.S.C§

        1681i(a)(1)(A).
17
   **59.** As a result of each defendants violations of 15 U.S.C §1681i(a)(1)(A), Mr. Mitchell
18
       suffered actual damages, including but not limited to: loss of credit, denial of credit,
19
       loss of ability to purchase or benefit from credit, loss of time due to learning how to
20
       defend against the Defendant's violation of his rights, damage to reputation from
21
       brandishing an inaccurate consumer report to third parties which in turn led to

1

humiliation and embarrassment , anxiety and other mental, physical, and emotional

2

distress.

3

60. The violations by each defendant were willful rendering the Defendant liable for

4

punitive damages in an amount to be determined by the court pursuant to 15 U.S.C

5

1681n. In the alternative, Experian was negligent, which entitles the plaintiff to

recovery under 15 U.S.C § 1681o.

6

61. Mr. Mitchell is entitled to recover actual damages, statutory damages, cost and

7

attorney's fees from Experian in an amount to be determined by the court pursuant to

8

15 U.S.C §1681n and 1681o.

9

## Count III Violation of the Fair Credit Reporting Act

10

## 15 U.S.C § 1681i(a)(2)(A) (Experian)(Transuion)

62. The plaintiff realleges and incorporates all other factual allegations set forth in this

11

complaint.

12

63. Transunion and Experian violated 15 U.S.C §1681i(a)(2)(A) on multiple occasions by

13

failing to provide each furnisher that the plaintiff disputed with all relevant

14

information regarding Mr. Mitchell's disputes.

15

64. As a result of each defendant's violations of 15 U.S.C §1681i(a)(2)(A), Mr. Mitchell

16

suffered actual damages, including but not limited to: loss of credit, denial of credit,

loss of ability to purchase or benefit from credit, damage to reputation,

17

embarrassment, humiliation, anxiety and other mental, physical, and emotional

18

distress.

19

65. The violations by each defendant were willful rendering the Defendant liable for

20

punitive damages in an amount to be determined by the court pursuant to 15 U.S.C §

21

COMPLAINT FOR A CIVIL CASE - 13

1681n. In the alternative, each defendant was negligent, which entitles Mr. Mitchell to recovery under 15 U.S.C §1681o.

66. Mr. Mitchell is entitled to recover actual damages, statutory damages, cost and attorney's fees from each defendant in an amount to be determined by the court pursuant to 15 U.S.C 1681n and 1681o.

## Count IV Violation of the Fair Credit Reporting Act

## 15 U.S.C § 1681i(a)(4) (Transunion)(Experian)

67. Mr. Mitchell realleges and incorporates all other factual allegations set forth in this complaint.

68. Transunion and Experian violated 15 U.S.C §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by the plaintiff.

69. In the Plaintiff's dispute letter to the Defendant, the Plaintiff pointed out multiple inaccurate and incomplete information that the Defendant was reporting. The Defendant in return sent back the dispute results verifying the account as accurate yet failing to update any of the incomplete and inaccurate information that the Plaintiff clearly pointed out. (See paragraph 22& 23)

70. As a result of each defendants violations of 15 U.S.C §1681i(a)(4), Mr. Mitchell suffered actual damages, including but not limited to: loss of credit, denial of credit, loss of ability to purchase or benefit from credit, damage to reputation due to the Defendants inaccurate reporting of this account , Damage to reputation embarrassment and humiliation from Defendant furnishing the Plaintiff's report to third parties, anxiety from fear of defendants continuing to furnish this inaccurate information to third parties and fear of never being able to benefit from their credit, and other mental, physical, and emotional distress.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

71. The violations by each defendant were willful rendering the Defendant liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C § 1681n. In the alternative, each defendant was negligent, which entitles Mr. Mitchell to recovery under 15 U.S.C 1681o.

72. Mr. Mitchell is entitled to recover actual damages, statutory damages, cost and attorney's fees from each defendant in an amount to be determined by the court pursuant to 15 U.S.C §1681n and 1681o.

### **Count V Violation of the Fair Credit Reporting Act**

### **15 U.S.C § 1681i(a)(5)(A) (Experian)(Transunion)**

73. Mr. Mitchell realleges and incorporates all other factual allegations set forth in this complaint.

74. Experian and Transunion violated 15 U.S.C §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Mr. Mitchell's credit file or modify the item of information upon a lawful reinvestigation.

75. As a result of each defendant's violations of 15 U.S.C §1681i(a)(5)(A), Mr. Mitchell suffered actual damages, including but not limited to: loss of credit, denial of credit, loss of ability to purchase and benefit from credit, damage to reputation, embarrassment, humiliation, anxiety, and other mental, physical, and emotional distress.

76. The violations by each defendant were willful rendering the Defendant liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C §1681n. In the alternative, each defendant was negligent, which entitles the plaintiff to recovery under 15 U.S.C 1681o.

1    77. Mr. Mitchell is entitled to recover actual damages, statutory damages, cost and

2          attorney's fees from each defendant in an amount to be determined by the court

3          pursuant to 15 U.S.C §1681n and 1681o.

4

5

6    WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against

7    Defendant, for their attorneys' fees and costs; for prejudgment and post-judgment interest at the

8    judgment rate, and such other relief the Court deems just and proper. TRIAL BY JURY IS

9                                DEMANDED

10

11    Date:     08/06/2024

12                         YOUR NAME: Gary Mitchell
                                YOUR ADDRESS: 1647 Watersprings Way

13                         Dacula Ga 30019
                                CELL NUMBER: 4049184257

14                         EMAIL: gmitchnewinfo@gmail.com

15

16

17

18

19

20

21

File Number: ا-4ن_114ا
Date Issued: ؟؟؟؟

Page 1 of 7

# Your Investigation Results

## INVESTIGATION RESULTS - DISPUTED INFORMATION UPDATED AND OTHER INFORMATION UPDATED. A change was made to the item(s) based on your dispute and other information has also changed.

**BMW FINANCIAL SERVICES** #100277***     REALTY, EW DRIVE COLUMBUS, H41 41°   30C 57A 500c )
We investigated the information you disputed and updated **Balance; Date Updated; Past Due; Date Closed: Remarks; Maximum Delinquency: Rating, Historical Trended Data** Here is how this item appears on your credit report following our investigation

| | | | |
|---|---|---|---|
| Date Opened | 07/15/2017 | Balance | ... |
| Responsibility | Joint Account | Date Updated | ... |
| Account Type | Installment Account | Payment Received | 11,222,222,53... |
| Loan Type | AUTOMOBILE | Last Payment Made | 1,252,22 |
| | | High Balance | $25,45... |
| | | Original Charge-off: | 37/11 |

| Pay Status | Charged Off |
| Terms | 36 payments at ... Monthly |
| | ... 73 months |
| | Most recent Delinquency at 11/2030... |
| | 11/2030 |

Remarks: DISPUTING - COMP RPT BY CRN  R   TRANSFERRED TO RECOVER - PAID IN FULL-WAS A CHARGE OFF
Estimated month and year that this item will be removed: 08/2030

| | 04/2024 | 03/2024 | 02/2024 | 01/2024 | 12/2023 | 11/2023 | 10/2023 | 09/2023 | 08/2023 | 07/2023 | 06/2023 | 05/2023 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | C/O | C/O | 120 | 90 | 60 | 30 | OK | OK | OK | OK |

| | 04/2023 | 03/2023 | 02/2023 | 01/2023 | 12/2022 | 11/2022 | 10/2022 | 09/2022 | 08/2022 | 07/2022 | 06/2022 | 05/2022 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | 30 | OK | OK |

| | 04/2022 | 03/2022 | 02/2022 | 01/2022 | 12/2021 | 11/2021 | 10/2021 | 09/2021 | 08/2021 | 07/2021 | 06/2021 | 05/2021 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 30 | OK | 30 | OK | OK | OK | OK | 30 | OK | OK | OK | OK |

| | 04/2021 | 03/2021 | 02/2021 | 01/2021 | 12/2020 | 11/2020 | 10/2020 | 09/2020 | 08/2020 | 07/2020 | 06/2020 | 05/2020 | 04/2020 | 03/2020 | 02/2020 | 01/2020 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | 30 |

| | 12/2019 | 11/2019 | 10/2019 | 09/2019 | 08/2019 | 07/2019 | 06/2019 | 05/2019 | 04/2019 | 03/2019 | 02/2019 | 01/2019 | 12/2018 | 11/2018 | 10/2018 | 09/2018 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 08/2018 | 07/2018 | 06/2018 | 05/2018 | 04/2018 | 03/2018 | 02/2018 | 01/2018 | 12/2017 | 11/2017 | 10/2017 | 09/2017 | 08/2017 | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | | | |




File Number 405221147
Date Issued 05.10.2024

Page 6 of 7

# INVESTIGATION RESULTS - VERIFIED AS ACCURATE AND UPDATED: The disputed item(s) was verified as accurate; however, other information has also changed.

**AMERICAN EXPRESS #349992921 x20****** ( PO BOX 1537 EL PASO TX 7 xx28 (800) 874 2717 )

We investigated the information you disputed and the disputed information was **VERIFIED AS ACCURATE**, however, we updated: **Historical Trended Data**  Here is how this account appears on your credit report following our investigation.

| Date Opened | 10/26/2021 | Balance | $1,141 | Pay Status | Charge per 30+ |
| Responsibility | Individual Account | Date Updated | 04/05/2024 | Terms | Paid charge |
| Account Type | Revolving Account | High Balance | $14 | Date Closed | 5.17.2024 |
| Loan Type | CREDIT CARD | Credit Limit | $0 | | |
| | | Past Due | $344 | | |

Remarks  ACCT INFO DISPUTED BY CONSUMR,  CLOSED BY CREDIT GRANTOR  >UNPAID BALANCE CHARGED OFF<
Estimated month and year that this item will be removed: 06/2029

| | 03/2024 | 02/2024 | 01/2024 | 12/2023 | 11/2023 | 10/2023 | 09/2023 | 08/2023 | 07/2023 | 06/2023 | 05/2023 | 04/2023 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| | 03/2023 | 02/2023 | 01/2023 | 12/2022 | 11/2022 |
|---|---|---|---|---|---|
| Rating | C/O | C/O | COL | COL | COL |

**AMERICAN EXPRESS #349992923608****** PO BOX 1537 EL PASO TX 79998 (800) 874 2717 )

We investigated the information you disputed and the disputed information was **VERIFIED AS ACCURATE** however, we updated **Historical Trended Data**  Here is how this account appears on your credit report following our investigation.

| Date Opened | 11/04/2021 | Balance | $12,477 | Pay Status | >Charged Off< |
| Responsibility | Individual Account | Date Updated | 04/22/2024 | Terms | Paid Monthly |
| Account Type | Revolving Account | High Balance | $12,478 | Date Closed | 05.12.2024 |
| Loan Type | FLEXIBLE SPENDING | Credit Limit | $0 | | |
| | CREDIT CARD | Past Due | >$4,578< | | |

Remarks  ACCT INFO DISPUTED BY CONSUMR  CLOSED BY CREDIT GRANTOR  >UNPAID BALANCE  HARGED OFF<
Estimated month and year that this item will be removed: 05/2029

| | 03/2024 | 02/2024 | 01/2024 | 12/2023 | 11/2023 | 10/2023 | 09/2023 | 08/2023 | 07/2023 | 06/2023 | 05/2023 | 04/2023 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| | 03/2023 | 02/2023 | 01/2023 | 12/2022 | 11/2022 | 10/2022 |
|---|---|---|---|---|---|---|
| Rating | C/O | C/O | C/O | COL | COL | COL |

**MEDICAL DATA SYSTEMS INC #9100106****** ( 1532 LAKEVIEW DR  SEBRING  FL 33870  (866) 631 xxx)

We investigated the information you disputed and the disputed information was **VERIFIED AS ACCURATE** however, we updated **Date Updated**  Here is how this account appears on your credit report following our investigation.

| Placed for collection: | 08/22/2021 | Balance: | $784 | Pay Status | Collection |
| Responsibility: | Individual Account | Date Updated: | 05/07/2024 | | |
| Account Type | Open Account | Original Amount: | $784 | | |
| Loan Type | COLLECTION | Original Creditor: | MEDICAL WS | | |
| | AGENCY/ATTORNEY | | ATLANTA MEDICAL | | |
| | | | ENTER | | |
| | | | (Medical Health Care) | | |
| | | Past Due | $784< | | |

Remarks  ACCT INFO DISPUTED BY CONSUMR  >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 01 2028



Prepared For **GARY MITCHELL**    **Date generated:** Aug 6, 2024

# Closed accounts

**AMEX**                                                                                      Closed

Unknown payment history

### Account info

| | | | |
|---|---|---|---|
| Account name | **AMEX** | Balance | - |
| Account number | **3499929236088183** | Balance updated | - |
| Original creditor | - | Credit limit | - |
| Company sold | - | Original balance | - |
| Account type | - | Monthly payment | - |
| Date opened | **Nov 04, 2021** | Terms | - |
| Open/closed | **Closed** | Responsibility | **Individual** |
| Status | **NO STATUS** | Your statement | - |
| Status updated | - | | |

### $ Payment history

**No payment history available to display.**

### Contact info

| | |
|---|---|
| Address | **PO BOX 297871 FORT LAUDERDALE, FL 33329** |
| Phone number | **(800) 874-2717** |

### Comments

**Account closed at credit grantor's request**

**Account in dispute under Fair Credit Billing Act**

**experian.**

**AMEX**                                                                                                      Closed

Unknown payment history

### Account info

| | | | |
|---|---|---|---|
| Account name | **AMEX** | Balance | - |
| Account number | **3499929213207643** | Balance updated | - |
| Original creditor | - | Credit limit | - |
| Company sold | - | Original balance | - |
| Account type | - | Monthly payment | - |
| Date opened | **Oct 28, 2021** | Terms | - |
| Open/closed | **Closed** | Responsibility | **Individual** |
| Status | **NO STATUS** | Your statement | - |
| Status updated | - | | |

### $ Payment history

**No payment history available to display.**

### Contact info

| | |
|---|---|
| Address | **PO BOX 297871 FORT LAUDERDALE, FL 33329** |
| Phone number | **(800) 874-2717** |

### Comments

**Account closed at credit grantor's request**

**Account in dispute under Fair Credit Billing Act**

**experian.**

Prepared For **GARY MITCHELL**    **Date generated:** Aug 6, 2024

**BMW FINANCIAL SERVICES**                                                                                   **$701**

15 potentially negative months                                                                              Closed

### Account info

| | | | |
|---|---|---|---|
| Account name | **BMW FINANCIAL SERVICES** | Balance | **$701** |
| Account number | **100277XXXX** | Balance updated | **Jun 22, 2024** |
| Original creditor | - | Original balance | - |
| Company sold | - | Monthly payment | - |
| Account type | **Auto Loan** | Last Payment Date | **Nov 20, 2023** |
| Date opened | **Jul 08, 2017** | Past due amount | **$701** |
| Open/closed | **Closed** | Terms | **73 Months** |
| Status | **Account charged off. $701 written off. $701 past due as of Jun 2024.** | Responsibility | **Joint** |
| | | Your statement | - |
| Status updated | **Jan 2024** | | |

### Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2024 | CO | CO | CO | CO | CO | CO | - | - | - | - | - | - |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 90 | 120 |
| 2022 | ✓ | 30 | ✓ | 30 | ✓ | ✓ | 30 | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | ✓ | ✓ |
| 2020 | 30 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2018 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2017 | - | - | - | - | - | - | - | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met          CO Charge off          30 Past due 30 days

60 Past due 60 days          90 Past due 90 days          120 Past due 120 days

- Data Unavailable

### Contact info

Address          **5515 PARKCENTER CIR**
                 **DUBLIN,**
                 **OH 43017**

Phone number     **(800) 578-5000**

### Comments

**Transferred to recovery**

Account previously in dispute - investigation complete, reported by data furnisher

 **experian.**

# Collection accounts

**MEDICAL DATA SYSTEMS I**                                                                                            $784

Original creditor: **WS ATLANTA MEDICAL CENTER**

## ☷ Account info

| | | | |
|---|---|---|---|
| Account name | **MEDICAL DATA SYSTEMS I** | Balance | **$784** |
| Account number | **910010XXXXX** | Balance updated | **Jul 28, 2024** |
| Original creditor | **WS ATLANTA MEDICAL CENTER** | Original balance | **$784** |
| Company sold | - | Monthly payment | - |
| Account type | **Collection** | Past due amount | **$784** |
| Date opened | **Aug 22, 2023** | Terms | **1 Month** |
| Status | **Collection account. $784 past due as of Jul 2024.** | Responsibility | **Individual** |
| | | Your statement | - |
| Status updated | **Aug 2023** | | |

## $ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2024 | C | C | C | C | C | C | C | - | - | - | - | - |
| 2023 | - | - | - | - | - | - | - | - | - | - | C | C |

C Collection                    - Data Unavailable

## ⊟ Contact info

| | |
|---|---|
| Address | **128 W CENTER AVE FL 2 SEBRING, FL 33870** |
| Phone number | **(800) 315-6050** |

## ⊟ Comments

**Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)**