## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

GARY MITCHELL,

      Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC., and TRANS
UNION LLC,

      Defendants.

CASE NO. 1:24-cv-03506-SCJ-CCB

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Experian Information Solutions, Inc. (hereinafter "Experian"), by and through its undersigned counsel, and answers Plaintiff Gary Mitchell's ("Plaintiff") Complaint (the "Complaint") as follows. By adopting the headings set forth in the Complaint for organizational purposes only, Experian does not admit any of the allegations set forth herein. Experian denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below.

## INTRODUCTION

1.    In response to paragraph 1 of the Complaint, Experian admits that the Complaint purports to state claims under the Fair Credit Reporting Act ("FCRA"). Experian further admits that the Complaint seeks damages.  Experian denies that it

1

has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages.

## JURISDICTION

2.     In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on 15 U.S.C. § 1681(P), 15 U.S.C. § 1692K(d) and 28 U.S.C. § 1391B(2). Experian states that this is a legal conclusion which is not subject to denial or admission.

3.     In response to paragraph 3 of the Complaint, Experian admits that Plaintiff has alleged supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Experian states that this is a legal conclusion which is not subject to denial or admission.

## PARTIES

4.     In response to paragraph 4 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

5.     In response to paragraph 5 of the Complaint, Experian admits that its principal place of business is located at 475 Anton Blvd., Costa Mesa, CA, 92626, USA.

6.     In response to paragraph 6 of the Complaint, Experian admits that its registered agent for service of process in Georgia is CT Corporation System at 289 S Culver St, Lawrenceville, GA, 30046-4805, USA.

7.     In response to paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8.     In response to paragraph 8 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 8 of the Complaint.

9.     In response to paragraph 9 of the Complaint, Experian admits that it disburses consumer reports as defined by 15 U.S.C. § 1681a(d). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 9 of the Complaint.

10.     In response to paragraph 10 of the Complaint, Experian states that it is a legal conclusion to which no response is required. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained within paragraph 10.

## INTRODUCTION

11.    In response to paragraph 11 of the Complaint, Experian states that it is a legal conclusion to which no response is required. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained within paragraph 11.

12.    In response to paragraph 12 of the Complaint, Experian states that it is a legal conclusion to which no response is required. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained within paragraph 12.

13.    In response to paragraph 13 of the Complaint, Experian states that it is a legal conclusion to which no response is required. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained within paragraph 13.

14.    In response to paragraph 14 of the Complaint, Experian states that it is a legal conclusion to which no response is required. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained within paragraph 14.

15.    In response to paragraph 15 of the Complaint, Experian states that it is a legal conclusion to which no response is required. To the extent a response is required, Experian denies, generally and specifically, each and every allegation

contained within paragraph 15. Experian further denies any noncompliance with the Fair Credit Reporting Act.

## Factual Allegations

16.     In response to paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17.     In response to paragraph 17 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18.     In response to paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19.     In response to paragraph 19 of the Complaint, Experian states that it is a legal conclusion to which no response is required. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained within paragraph 19.

20.     In response to paragraph 20 of the Complaint, Experian admits it sent Plaintiff the results of the dispute indicating the accounts were verified as accurate. As to the remaining allegations of Paragraph 20, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies.

21.     In response to paragraph 21 of the Complaint, Experian admits it sent Plaintiff the results of the dispute indicating the accounts were verified as accurate. Experian denies it reported inaccurate information.

22.     In response to paragraph 22 of the Complaint, Experian admits it sent Plaintiff the results of the dispute indicating the accounts were verified as accurate. Experian denies that any inaccuracies were discovered and denies that it reported any inaccuracies. As to the remaining allegations of paragraph 22, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies.

23.     In response to paragraph 23 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24.     In response to paragraph 24 of the Complaint, Experian denies the allegations against it. As to the remaining allegations of paragraph 24, Experian

states that these allegations are alleged against a party other than Experian and no response is required.

25.     In response to paragraph 25 of the Complaint, Experian denies the allegations against it. As to the remaining allegations of paragraph 25, Experian states that these allegations are alleged against a party other than Experian and no response is required.

26.     In response to paragraph 26 of the Complaint, Experian denies the allegations against it. As to the remaining allegations of paragraph 26, Experian states that these allegations are alleged against a party other than Experian and no response is required.

27.     In response to paragraph 27 of the Complaint, Experian states that it is a legal conclusion to which no response is required. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained within paragraph 27.

28.     In response to paragraph 28 of the Complaint, Experian states that it consists of Plaintiff's own legal conclusions and opinions to which no response is required. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained within paragraph 28.

29.     In response to paragraph 29 of the Complaint, Experian denies the allegations against it. As to the remaining allegations of paragraph 29, Experian

states that these allegations are alleged against a party other than Experian and no response is required.

30.     In response to paragraph 30 of the Complaint, Experian denies the allegations against it. As to the remaining allegations of paragraph 30, Experian states that these allegations are alleged against a party other than Experian and no response is required.

31.     In response to paragraph 31 of the Complaint, Experian states that it consists of Plaintiff's own conclusions and opinions to which no response is required. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained within paragraph 31.

32.     In response to paragraph 32 of the Complaint, Experian denies the allegations against it. As to the remaining allegations of paragraph 32, Experian states that these allegations are alleged against a party other than Experian and no response is required.

33.     In response to paragraph 33 of the Complaint, Experian denies the allegations against it. As to the remaining allegations of paragraph 33, Experian states that these allegations are alleged against a party other than Experian and no response is required.

34.     In response to paragraph 34 of the Complaint, Experian denies the allegations against it. As to the remaining allegations of paragraph 34, Experian

states that these allegations are alleged against a party other than Experian and no response is required.

35.     In response to paragraph 35 of the Complaint, Experian denies the allegations against it. As to the remaining allegations of paragraph 35, Experian states that these allegations are alleged against a party other than Experian and no response is required.

36.     In response to paragraph 36 of the Complaint, Experian denies the allegations against it. As to the remaining allegations of paragraph 36, Experian states that these allegations are alleged against a party other than Experian and no response is required.

37.     In response to paragraph 37 of the Complaint, Experian denies the allegations against it. As to the remaining allegations of paragraph 37, Experian states that these allegations are alleged against a party other than Experian and no response is required.

38.     In response to paragraph 38 of the Complaint, Experian denies the allegations against it. As to the remaining allegations of paragraph 38, Experian states that these allegations are alleged against a party other than Experian and no response is required.

39.     In response to paragraph 39 of the Complaint, Experian denies the allegations against it. As to the remaining allegations of paragraph 39, Experian

states that these allegations are alleged against a party other than Experian and no response is required.

40.     In response to paragraph 40 of the Complaint, Experian denies the allegations against it. As to the remaining allegations of paragraph 40, Experian states that these allegations are alleged against a party other than Experian and no response is required.

41.     In response to paragraph 41 of the Complaint, Experian denies the allegations against it. As to the remaining allegations of paragraph 41, Experian states that these allegations are alleged against a party other than Experian and no response is required.

42.     In response to paragraph 42, subsections (a) through (h) of the Complaint, Experian denies the allegations against it. As to the remaining allegations of paragraph 42, subsections (a) through (h), Experian states that these allegations are alleged against a party other than Experian and no response is required.

43.     In response to paragraph 43 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. Experian further denies that Plaintiff has suffered damages as a result of any act or omission by Experian.

44.     In response to paragraph 44 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. Experian further denies that Plaintiff has suffered damages as a result of any act or omission by Experian.

45.     In response to paragraph 45 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. Experian further denies that Plaintiff has suffered damages as a result of any act or omission by Experian.

46.     In response to paragraph 46 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. Experian further denies that Plaintiff has suffered damages as a result of any act or omission by Experian.

47.     In response to paragraph 47 of the Complaint, Experian denies the allegations against it. Experian further denies that Plaintiff is entitled to damages as a result of any act or omission by Experian. As to the remaining allegations of paragraph 47, Experian states that these allegations are alleged against a party other than Experian and no response is required.

48.     In response to paragraph 48 of the Complaint, Experian states that it is a legal conclusion to which no response is required. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained within paragraph 48.

49.     In response to paragraph 49 of the Complaint, Experian denies the allegations against it. As to the remaining allegations of paragraph 49, Experian states that these allegations are alleged against a party other than Experian and no response is required.

## Count I Violation of the Fair Credit Reporting Act
## 15 U.S.C. § 1681e(b) (Experian)(Transunion)

50.     In response to paragraph 50 of the Complaint, Experian repeats, realleges, and incorporates by reference its responses to paragraphs 1-49 of the Complaint, above, as though fully set forth herein.

51.     In response to paragraph 51 of the Complaint, Experian denies the allegations against it. As to the remaining allegations of paragraph 51, Experian states that these allegations are alleged against a party other than Experian and no response is required.

52.     In response to paragraph 52 of the Complaint, Experian denies the allegations against it. As to the remaining allegations of paragraph 52, Experian states that these allegations are alleged against a party other than Experian and no response is required.

53.     In response to paragraph 53 of the Complaint, Experian denies the allegations against it. Experian further denies that Plaintiff is entitled to damages as a result of any act or omission by Experian. As to the remaining allegations of paragraph 53, Experian states that these allegations are alleged against a party other than Experian and no response is required.

54.     In response to paragraph 54 of the Complaint, Experian denies the allegations against it. Experian further denies that Plaintiff is entitled to damages as a result of any act or omission by Experian. As to the remaining allegations of paragraph 54, Experian states that these allegations are alleged against a party other than Experian and no response is required.

55.     In response to paragraph 55, Experian denies that Plaintiff is entitled to the relief requested.

## Count II Violation of the Fair Credit Reporting Act
## 15 U.S.C. § 1681i(a)(1)(A) (Experian)(Transunion)

56.     In response to paragraph 56 of the Complaint, Experian repeats, realleges, and incorporates by reference its responses to paragraphs 1-55 of the Complaint, above, as though fully set forth herein.

57.     In response to paragraph 57 of the Complaint, Experian denies the allegations against it. As to the remaining allegations of paragraph 57, Experian states that these allegations are alleged against a party other than Experian and no response is required.

58.     In response to paragraph 58 of the Complaint, Experian denies the allegations against it. As to the remaining allegations of paragraph 58, Experian states that these allegations are alleged against a party other than Experian and no response is required.

59.     In response to paragraph 59 of the Complaint, Experian denies the allegations against it. Experian further denies that Plaintiff is entitled to damages as a result of any act or omission by Experian. As to the remaining allegations of paragraph 59, Experian states that these allegations are alleged against a party other than Experian and no response is required.

60.     In response to paragraph 60 of the Complaint, Experian denies the allegations against it. Experian further denies that Plaintiff is entitled to damages as a result of any act or omission by Experian. As to the remaining allegations of paragraph 60, Experian states that these allegations are alleged against a party other than Experian and no response is required.

61.     In response to paragraph 61, Experian denies that Plaintiff is entitled to the relief requested.

## Count III Violation of the Fair Credit Reporting Act
## 15 U.S.C. § 1681i(a)(2)(A) (Experian)(Transunion)

62.     In response to paragraph 62 of the Complaint, Experian repeats, realleges, and incorporates by reference its responses to paragraphs 1-61 of the Complaint, above, as though fully set forth herein.

63.     In response to paragraph 63 of the Complaint, Experian denies the allegations against it. As to the remaining allegations of paragraph 63, Experian states that these allegations are alleged against a party other than Experian and no response is required.

64.     In response to paragraph 64 of the Complaint, Experian denies the allegations against it. Experian further denies that Plaintiff is entitled to damages as a result of any act or omission by Experian. As to the remaining allegations of paragraph 64, Experian states that these allegations are alleged against a party other than Experian and no response is required.

65.     In response to paragraph 65 of the Complaint, Experian denies the allegations against it. Experian further denies that Plaintiff is entitled to damages as a result of any act or omission by Experian. As to the remaining allegations of paragraph 65, Experian states that these allegations are alleged against a party other than Experian and no response is required.

66.     In response to paragraph 66, Experian denies that Plaintiff is entitled to the relief requested.

### Count IV Violation of the Fair Credit Reporting Act
### 15 U.S.C. § 1681i(a)(4) (Experian)(Transunion)

67.     In response to paragraph 67 of the Complaint, Experian repeats, realleges, and incorporates by reference its responses to paragraphs 1-66 of the Complaint, above, as though fully set forth herein.

68.    In response to paragraph 68 of the Complaint, Experian denies the allegations against it. Experian further denies that Plaintiff is entitled to damages as a result of any act or omission by Experian. As to the remaining allegations of paragraph 68, Experian states that these allegations are alleged against a party other than Experian and no response is required.

69.    In response to paragraph 69 of the Complaint, Experian denies the allegations against it. Experian further denies that Plaintiff is entitled to damages as a result of any act or omission by Experian. As to the remaining allegations of paragraph 69, Experian states that these allegations are alleged against a party other than Experian and no response is required.

70.    In response to paragraph 70 of the Complaint, Experian denies the allegations against it. Experian further denies that Plaintiff is entitled to damages as a result of any act or omission by Experian. As to the remaining allegations of paragraph 70, Experian states that these allegations are alleged against a party other than Experian and no response is required.

71.    In response to paragraph 71 of the Complaint, Experian denies the allegations against it. Experian further denies that Plaintiff is entitled to damages as a result of any act or omission by Experian. As to the remaining allegations of paragraph 71, Experian states that these allegations are alleged against a party other than Experian and no response is required.

72.     In response to paragraph 72, Experian denies that Plaintiff is entitled to the relief requested.

### Count V Violation of the Fair Credit Reporting Act
### 15 U.S.C. § 1681i(a)(5)(A) (Experian)(Transunion)

73.     In response to paragraph 73 of the Complaint, Experian repeats, realleges, and incorporates by reference its responses to paragraphs 1-72 of the Complaint, above, as though fully set forth herein.

74.     In response to paragraph 74 of the Complaint, Experian denies the allegations against it. Experian further denies that Plaintiff is entitled to damages as a result of any act or omission by Experian. As to the remaining allegations of paragraph 74, Experian states that these allegations are alleged against a party other than Experian and no response is required.

75.     In response to paragraph 75 of the Complaint, Experian denies the allegations against it. Experian further denies that Plaintiff is entitled to damages as a result of any act or omission by Experian. As to the remaining allegations of paragraph 75, Experian states that these allegations are alleged against a party other than Experian and no response is required.

76.     In response to paragraph 76 of the Complaint, Experian denies the allegations against it. Experian further denies that Plaintiff is entitled to damages as a result of any act or omission by Experian. As to the remaining allegations of

paragraph 76, Experian states that these allegations are alleged against a party other than Experian and no response is required.

77.     In response to paragraph 77, Experian denies that Plaintiff is entitled to the relief requested.

## **Prayer for Relief**

Experian denies that the Plaintiff is entitled to damages or other relief against Experian as set forth in his prayer for relief.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

## **SECOND AFFIRMATIVE DEFENSE**

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## **THIRD AFFIRMATIVE DEFENSE**

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## FOURTH AFFIRMATIVE DEFENSE

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff was the result of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

## SIXTH AFFIRMATIVE DEFENSE

The claim for relief set forth in the Complaint is barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff was, at least in part, caused by the actions of Plaintiff himself, and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## EIGHTH AFFIRMATIVE DEFENSE

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## NINTH AFFIRMATIVE DEFENSE

Experian is informed and believes and thereon alleges that the claim for relief

in the Complaint herein is barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p and Cal. Civ. Code § 1785.33.

## TENTH AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

Experian alleges upon information and belief that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, to the extent that the claim or relief sought is moot.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, by the doctrine of waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.

## FIFTEENTH AFFIRMATIVE DEFENSE

Experian alleges on information and belief that Plaintiff's claims may be the subject of an arbitration agreement between Plaintiff and Experian.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any and all state and common law claims Plaintiff brings against Experian are preempted by the federal Fair Credit Reporting Act.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

Respectfully submitted, this 17th day of September, 2024.

TROUTMAN PEPPER HAMILTON
SANDERS LLP

/s/ *Samuel D. Lack*
Samuel D. Lack
Georgia Bar No. 749769
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308
404.885.2548
samuel.lack@troutman.com
*Attorneys for Experian*

## <u>LOCAL RULE 7.1D CERTIFICATION</u>

Counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1B.

This 17th day of September, 2024.

/s/ *Samuel D. Lack*
Samuel D. Lack
Georgia Bar No. 749769

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day served a copy of **EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO COMPLAINT** upon Plaintiff (pro se) by filing with the Court via PACER, which distributes a copy by e-mail to all counsel of record.  I hereby certify that I sent a copy of the foregoing document via U.S. First Class Mail to Plaintiff at:

**Gary Mitchell**
**1647 Watersprings Way**
**Dacula, GA 30019**

This 17th day of September, 2024.

/s/ *Samuel D. Lack*
Samuel D. Lack
Georgia Bar No. 749769
