UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GARY MITCHELL,

  Plaintiff,

                                        CASE NO.: 1:24-cv-03506-SCJ-CCB

vs.

EXPERIAN INFROMATION
SOLUTIONS INC and
TRANS UNION LLC;

  Defendants.

_____/

**DEFENDANT TRANS UNION LLC'S**
**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, Trans Union LLC ("Trans Union"), one of the Defendants herein, and files its Answer and Defenses to the Complaint ("Complaint") filed by Gary Mitchell ("Plaintiff"). The paragraph numbers below correspond to the paragraph numbers contained in the Plaintiff's Complaint to the extent possible.

**Introduction**

1.     Trans Union admits only that Plaintiff has asserted claims pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Trans Union denies the remaining allegations contained in paragraph 1 of the Complaint.

1

**Jurisdiction**

2.      Trans Union admits that jurisdiction is proper in this Court.  Trans Union admits, solely based on the allegations contained in the Complaint, that venue is proper in this District.  Trans Union denies the remaining allegations contained in paragraph 2 of the Complaint.

3.      Trans Union states that the allegations contained in paragraph 3 of the Complaint are legal conclusions and, so stating, denies them.

**Parties**

4.      Trans Union admits that Plaintiff is "a consumer" as defined by 15 U.S.C. § 1681a(c).  Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Complaint and, therefore, denies same.

5.      Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, therefore, denies same.

6.      Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, denies same.

7.      Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans

7536581.1

Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint and, therefore, denies same

8.      Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union also admits that it assembles consumer credit information for the purpose of furnishing consumer reports to third parties.  Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint and, therefore, denies same.

9.      Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union also admits that it assembles consumer credit information for the purpose of furnishing consumer reports to third parties.  Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint and, therefore, denies same.

10.      Trans Union states that the allegations contained in paragraph 10 of the Complaint are legal conclusions and, so stating, denies them.

7536581.1

**Introduction**

11.     Trans Union states that the cited provision of the FCRA speaks for itself.  To the extent Plaintiff misquotes or mischaracterizes the requirements set forth therein, Trans Union denies the allegations contained in paragraph 11 of the Complaint.

12.     Trans Union states that the cited provision of the FCRA speaks for itself.  To the extent Plaintiff misquotes or mischaracterizes the requirements set forth therein, Trans Union denies the allegations contained in paragraph 12 of the Complaint.

13.     Trans Union states that the cited provision of the FCRA speaks for itself.  To the extent Plaintiff misquotes or mischaracterizes the requirements set forth therein, Trans Union denies the allegations contained in paragraph 13 of the Complaint.

14.     Trans Union states that the cited provision of the FCRA speaks for itself.  To the extent Plaintiff misquotes or mischaracterizes the requirements set forth therein, Trans Union denies the allegations contained in paragraph 14 of the Complaint.

15.     Trans Union states that the cited provision of the FCRA speaks for itself.  To the extent Plaintiff misquotes or mischaracterizes the requirements set

7536581.1

forth therein, Trans Union denies the allegations contained in paragraph 15 of the

Complaint.

## **FACTUAL ALLEGATIONS**

16.    Trans Union is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 16 of the Complaint

and, therefore, denies same.

17.    Trans Union is without knowledge or information sufficient at this

time to form a belief as to the truth of the allegations contained in paragraph 17 of

the Complaint and, therefore, denies same.

18.    Trans Union is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 18 of the Complaint

and, therefore, denies same.

19.    Trans Union states that the cited provision of the FCRA speaks for

itself.  To the extent Plaintiff misquotes or mischaracterizes the requirements set

forth therein, Trans Union denies the allegations contained in paragraph 19 of the

Complaint.

20.    Trans Union is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 20 of the Complaint

and, therefore, denies same.

7536581.1

21.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, denies same.

22.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and, therefore, denies same.

23.     Trans Union is without knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and, therefore, denies same.

24.     Trans Union denies the allegations contained in paragraph 24 of the Complaint.

25.     Trans Union denies the allegations contained in paragraph 25 of the Complaint.

26.     Trans Union denies the allegations contained in paragraph 26 of the Complaint.

27.     Trans Union states that the cited case law speaks for itself.  To the extent Plaintiff misquotes or mischaracterizes the case law set forth therein, Trans Union denies the allegations contained in paragraph 27 of the Complaint.  Trans Union states that the remaining allegations contained in paragraph 27 of the Complaint are legal conclusions and, so stating, denies them.

7536581.1

28.     Trans Union states that the cited case law speaks for itself.  To the extent Plaintiff misquotes or mischaracterizes the case law set forth therein, Trans Union denies the allegations contained in paragraph 28 of the Complaint.  Trans Union states that the remaining allegations contained in paragraph 28 of the Complaint are legal conclusions and, so stating, denies them.

29.     Trans Union denies the allegations contained in paragraph 29 of the Complaint.

30.     Trans Union denies the allegations contained in paragraph 30 of the Complaint.

31.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and, therefore, denies same.

32.     Trans Union denies the allegations contained in paragraph 32 of the Complaint.

33.     Trans Union denies the allegations contained in paragraph 33 of the Complaint.

34.     Trans Union denies the allegations contained in paragraph 34 of the Complaint.

35.     Trans Union denies the allegations contained in paragraph 35 of the Complaint.

7536581.1

36.     Trans Union denies the allegations contained in paragraph 36 of the Complaint.

37.     Trans Union denies the allegations contained in paragraph 37 of the Complaint.

38.     Trans Union denies the allegations contained in paragraph 38 of the Complaint.

39.     Trans Union denies the allegations contained in paragraph 39 of the Complaint.

40.     Trans Union denies the allegations contained in paragraph 40 of the Complaint.

41.     Trans Union denies the allegations contained in paragraph 41 of the Complaint.

42.     Trans Union denies the allegations contained in paragraph 42 of the Complaint, including its subparts.

43.     Trans Union denies the allegations contained in paragraph 43 of the Complaint.

44.     Trans Union denies the allegations contained in paragraph 44 of the Complaint.

45.     Trans Union denies the allegations contained in paragraph 45 of the Complaint.

7536581.1

46.     Trans Union denies the allegations contained in paragraph 46 of the Complaint.

47.     Trans Union denies the allegations contained in paragraph 47 of the Complaint.

48.     Trans Union denies the allegations contained in paragraph 48 of the Complaint.

49.     Trans Union denies the allegations contained in paragraph 49 of the Complaint.

### Count 1 Violations of the Fair Credit Reporting Act

### 15 U.S.C. § 1681e(b) (Experian)(Transunion)

50.     Trans Union restates and incorporates its responses to paragraphs 1 through 49 above as though fully stated herein.

51.     Trans Union denies the allegations contained in paragraph 51 of the Complaint.

52.     Trans Union denies the allegations contained in paragraph 52 of the Complaint.

53.     Trans Union denies the allegations contained in paragraph 53 of the Complaint.

54.     Trans Union denies the allegations contained in paragraph 54 of the Complaint.

7536581.1

55.    Trans Union denies the allegations contained in paragraph 55 of the Complaint.

## **Count II Violations of the Fair Credit Reporting Act**

## **15 U.S.C. § 1681i(a)(1)(A) (Experian)(Transunion)**

56.    Trans Union restates and incorporates its responses to paragraphs 1 through 55 above as though fully stated herein.

57.    Trans Union denies the allegations contained in paragraph 57 of the Complaint.

58.    Trans Union denies the allegations contained in paragraph 58 of the Complaint.

59.    Trans Union denies the allegations contained in paragraph 59 of the Complaint.

60.    Trans Union denies the allegations contained in paragraph 60 of the Complaint.

61.    Trans Union denies the allegations contained in paragraph 61 of the Complaint.

## **Count III Violations of the Fair Credit Reporting Act**

## **15 U.S.C. § 1681i(a)(2)(A) (Experian)(Transunion)**

62.    Trans Union restates and incorporates its responses to paragraphs 1 through 61 above as though fully stated herein.

10

63.     Trans Union denies the allegations contained in paragraph 63 of the Complaint.

64.     Trans Union denies the allegations contained in paragraph 64 of the Complaint.

65.     Trans Union denies the allegations contained in paragraph 65 of the Complaint.

66.     Trans Union denies the allegations contained in paragraph 66 of the Complaint.

**Count IV Violations of the Fair Credit Reporting Act**

**15 U.S.C. § 1681i(a)(4) (Experian)(Transunion)**

67.     Trans Union restates and incorporates its responses to paragraphs 1 through 66 above as though fully stated herein.

68.     Trans Union denies the allegations contained in paragraph 68 of the Complaint.

69.     Trans Union denies the allegations contained in paragraph 69 of the Complaint.

70.     Trans Union denies the allegations contained in paragraph 70 of the Complaint.

71.     Trans Union denies the allegations contained in paragraph 71 of the Complaint.

11

7536581.1

72.     Trans Union denies the allegations contained in paragraph 72 of the Complaint.

## Count V Violations of the Fair Credit Reporting Act

## 15 U.S.C. § 1681i(a)(5)(A) (Experian)(Transunion)

73.     Trans Union restates and incorporates its responses to paragraphs 1 through 72 above as though fully stated herein.

74.     Trans Union denies the allegations contained in paragraph 74 of the Complaint.

75.     Trans Union denies the allegations contained in paragraph 75 of the Complaint.

76.     Trans Union denies the allegations contained in paragraph 76 of the Complaint.

77.     Trans Union denies the allegations contained in paragraph 77 of the Complaint.

## PRAYER FOR RELIEF

Trans Union denies the allegations contained in the Prayer paragraph of the Complaint.

## JURY DEMAND

Trans Union admits only that Plaintiff has demanded a trial by jury.

7536581.1

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as expressly admitted herein, Trans Union denies any remaining allegations contained in the Complaint.

## DEFENSES

78.   At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

79.   Any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

80.   Trans Union, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

81.   Trans Union at all times acted in compliance with the FCRA.

82.   Any statement made by Trans Union regarding Plaintiff was true or substantially true.

83.   Plaintiff failed to mitigate his alleged damages.

7536581.1

84.     Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of Georgia.

85.     To the extent Trans Union could be found liable, Plaintiff was comparatively/contributorily negligent.

86.     Trans Union affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiff has filed an unsuccessful pleading, motion, or other paper in connection with this action under Section 1681n or 1681o of the FCRA in bad faith or for purposes of harassment.

87.     In the event that a settlement is reached between Plaintiff and any other person or entity, Defendant Trans Union is entitled to any settlement credits permitted by law.

88.     Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

89.     Some or all of Plaintiff's claims against Trans Union are barred by the applicable statute of limitations.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC respectfully Requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Defendant its costs of

7536581.1

suit and expenses incurred herein, including reasonable attorneys' fees, and for such

other and further relief as the Court deems just.

Respectfully submitted,

*/s/ Paul W. Sheldon*

Paul W. Sheldon
psheldon@qslwm.com
Georgia Bar No. 947098
Quilling, Selander, Lownds,
Winslett & Moser, P.C.
6900 North Dallas Parkway, Suite 800
Plano, TX 75024
(214) 560-5453
(214) 871-2111 Fax
***Counsel for Trans Union LLC***

15

7536581.1

## <u>LOCAL RULE 5. 1 CERTIFICATION</u>

I hereby certify that DEFENDANT TRANS UNION LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT has been prepared in Times New Roman 14-point font in accordance with Local Rule 5.1.

*/s/ Paul W. Sheldon*
**PAUL W. SHELDON**

7536581.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of September, 2024, the foregoing document was filed via the Court's CM/ECF system which sent electronic notice of such to all parties of record.

I FUTHER CERTIFY that I have mailed by United States Postal Service the above and foregoing document to pro se Plaintiff.

/s/ Paul W. Sheldon
**PAUL W. SHELDON**

17

7536581.1